## LYDICK v. STATE BANKING BOARD OF TEXAS. (Motion No. 8347; No. 1103—5016.)

Commission of Appeals of Texas, Section A. Jan. 23, 1929.

For former opinion, see 11 S.W.(2d) 505.

Spencer & Rogers, of San Antonio, for relator.

Claude Pollard, Atty. Gen., C. W. Truehart, Asst. Atty. Gen., and L. C. Sutton and John W. Goodwin, both of Austin, for respondent.

HARVEY, P. J. The relator, Dan E. Lydick, seeks mandamus against the respondents, James Shaw, banking commissioner of Texas, Gregory Hatcher, state treasurer, and the state banking board of Texas, as such, commanding them to pay relator the sum of $6,529.47 from the depositors' guaranty fund. The facts are as follows:

The Exchange State Bank of Fort Worth was a state bank duly organized and doing business under the guaranty fund plan as provided in chapter 7, tit. 16, of the Revised Statutes of 1925. Some time prior to September 29, 1926, said bank voluntarily suspended business and proceeded to liquidate its assets and wind up its affairs. On the last-mentioned date, it had paid all its depositors in full, and had paid to the state banking board all sums of money demanded or required of said bank under the law. All the remaining assets of said bank are held by the relator as trustee for the stockholders, under voluntary assignment duly executed by such stockholders. All these facts have been duly made to appear to the state banking board and demand made for the return to relator, in accordance with the provisions of article 445 of the Revised Statutes of 1925, of the pro rata part paid by said bank into the depositors' guaranty fund. On September 29, 1926, the Commercial Guaranty State Bank of Longview, a state bank operating under the guaranty fund plan, was closed, and its affairs were taken in charge by the banking commissioner for liquidation. At various times after said date, and up to and including January 7, 1927, eight other state banks, which were operating under the guaranty fund plan, were closed and taken over by the banking commissioner for liquidation, as provided by law. Immediately prior to the closing of the Longview bank on September 29, 1926, and the taking over of its affairs by the banking commissioner, there was in the depositors' guaranty fund sufficient money to pay off and discharge all lawful claims against said fund, including those of depositors of such guaranty fund banks as had been previously closed and taken over by the banking commissioner, and including also the claim asserted by the relator, as well as similar claims of other banks. Since that date, the depositors' guaranty fund has become, and is now, insolvent. See Edwin Lacy et al. v. State Banking Board et al., 11 S.W.(2d) 496, recently decided on recommendation of Section B of the Commission and not yet [officially] reported.

■ The relator insists that, inasmuch as it is admitted by respondents that on September 29, 1926, his claim of $6,529.47 was due and payable in accordance with the provisions of article 445 of the Statutes of 1925, and that the guaranty fund was then solvent, he is entitled to preference of payment of said claim over the claims of the depositors of the nine banks above mentioned. In effect, the holding of the court in the case of Lacy v. Banking Board, supra, is against this contention. Although the claim asserted here by the relator became payable at a time when the guaranty fund was solvent, the claim was not paid when due. It was then and still remains an unpaid general claim against said fund. The claim therefore stands upon the same footing, with reference to payment, as other general claims subsequently accruing against the fund, including those of the depositors of said nine banks, and is entitled only to ratable payment from the guaranty fund along with such other claims.

■ The further question arises as to whether preference of payment attaches to the claims of the depositors of the one of the nine banks, mentioned above, which was in actual state of insolvency, but continuing to do business as a going concern, when the re-

lator's claim became payable. We have concluded that no preference attaches to such claims. The provisions of the governing statutes were such that none of these claims accrued prior to the time the bank was closed and its affairs were taken in charge by the banking commissioner. Until the latter event occurred, the guaranty fund was charged with no liability to such depositors. R. S. of 1925, arts. 369, 450, et seq.

Since we have decided that the relator is not entitled to preference of payment of his claim, as sought by him, he is not entitled to the mandamus he seeks, and we recommend that his motion for rehearing be overruled.